IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TERRY STONEKING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| DISCOVER FINANCIAL SERVICES, | § | CIVIL ACTION NO. 4:09-CV-00185-Y |
| INC. a/k/a DFS SERVICES, LLC, | § | |
| AMERICAN EXPRESS, CREDIT | § | |
| SYSTEMS INTERNATIONAL, INC., | § | |
| DIAMOND SHAMROCK REFINING & | § | |
| MARKETING CO., GE MONEY BANK, | § | |
| SOUTHWEST CREDIT SYSTEMS, LP, | § | |
| FIRST PREMIER BANK, TRANS UNION | § | |
| LLC, EXPERIAN SERVICES CORP., | § | |
| and EQUIFAX, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT SOUTHWEST CREDIT SYSTEMS, LP'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

Defendant Southwest Credit Systems, LP ("SCS") files this Motion to Dismiss and Brief in Support (the "Motion"), and would respectfully show the Court as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1.    Terry Stoneking ("Stoneking" or "Plaintiff") filed suit on or about February 26, 2009, against SCS, Discover Financial Services, Inc., American Express, Credit Systems International, Inc., Diamond Shamrock Refining & Marketing Co., GE Money Bank, First Premier Bank, Trans Union LLC, Experian Services Corp. and Equifax, Inc. (collectively, "Defendants") seeking damages, injunctive and declaratory relief, and an application for Identify Theft Order for the alleged theft of his identity in December 2005 (the "Complaint"). By way of the Complaint, Plaintiff attempts to allege violations of the Fair Credit Reporting Act ("FCRA")

and the Texas Debt Collection Act ("TDCA"). Nonetheless, Plaintiff failed to identify how the individual Defendants purportedly violated the FCRA and/or TDCA, much less articulate any factual basis in support of his claims.

2. Plaintiff's Complaint should be dismissed as to SCS based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. More specifically, Plaintiff has failed to state a claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure because: (a) Plaintiff's claims against SCS are barred by the FCRA's two year statute of limitations; (b) Plaintiff does not have standing to pursue a claim under 15 U.S.C. § 1681s-2(a) of the FCRA against SCS, as standing to pursue such a claim lies exclusively with select government agencies and officials; (c) Plaintiff cannot legally seek injunctive or declaratory relief against SCS under the FCRA; and (d) Plaintiff failed to state facts sufficient to support a claim for relief under the FCRA or TDCA.

## II. MOTION TO DISMISS UNDER RULE 12(B)(6)

3. SCS moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) because it fails to state a claim upon which relief can be granted. Plaintiff's Complaint provides no guidance as to the factual or legal basis for his claims against SCS. Plaintiff admits that the actions giving rise to his claims arose as a result of identity theft occurring in December 2005, more than three years prior to his filing of suit on or about February 26, 2009. Therefore, Plaintiff's claims under the FCRA are time barred by the applicable two year statute of limitations. *See* 15 U.S.C. § 1681p. Plaintiff also claims that SCS violated 15 U.S.C. § 1681s-2(a) of the FCRA by knowingly reporting inaccurate information to the three credit reporting agencies, which SCS denies. Nevertheless, even assuming that Plaintiff's claims are not time barred and taking Plaintiff's allegations as true for purposes of this Motion, pursuant to 15 U.S.C. § 1681s-2(d), Plaintiff does not have standing to bring a private cause of action for the purported violation of this provision.

Furthermore, this Court should dismiss Plaintiff's request for declaratory and injunctive relief as a private plaintiff cannot seek declaratory or injunctive relief under the FCRA. Finally, Plaintiff failed to assert any factual allegations in his Complaint to support a claim under the FCRA and/or TDCA; instead, he made generalized and conclusory allegations against all Defendants collectively. Consequently, Plaintiff's Complaint is insufficient to notify SCS as to the basis of the claims asserted against SCS and, as such, SCS's Motion to Dismiss should be granted.

### III.  APPLICABLE LEGAL STANDARD

4.  A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint clearly demonstrates that the plaintiff cannot prove any set of facts that would entitle it to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Power Entm't, Inc. v. Nat'l Football League Prop., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998) (stating that a claim is legally insufficient "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief"). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Beanal v. Freeport McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).

5.  When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions" will not suffice to prevent a motion to dismiss. *Fernandes-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Specifically, a motion to dismiss will be granted when "the factual averments do not justify recovery on some theory abumbrated in the complaint . . . ." *Podiatrist Ass'n v, La Cruz Azul de*

*P.R., Inc.*, 332 F.3d 6, 19 (1st Cir. 2003). "The threshold for stating a claim may be low, but it is real." *Id.* "The complaint must therefore set forth factual allegations, either direct or inferential, supporting each material element necessary to sustain recovery under some actionable legal theory." *Id.*

## IV.   ARGUMENTS AND AUTHORITIES

### A. Plaintiff's Claims Under the FCRA Should be Dismissed Because Such Claims are Barred by the Applicable Two Year Statute of Limitations.

6.   Plaintiff claims that SCS violated the FCRA, 15 U.S.C. § 1681s-2(a), because it allegedly furnished inaccurate information related to Plaintiff to the three credit reporting agencies. SCS denies that it furnished inaccurate information to the credit reporting agencies. Nonetheless, even assuming Plaintiff's allegations are true for purposes of this Motion, pursuant to Section 1681p of the FCRA, a two year statute of limitations applies to all claims brought under the Act. *See* 15 U.S.C. § 1681p. Consequently, in order to fall within the applicable limitation period, claims must be brought within two years after the date of discovery by the plaintiff of the violation that forms the basis of liability under the FCRA. *Id.* Plaintiff's sole factual allegations are contained on pages 7 and 8 of his Complaint. Plaintiff claims that he was the victim of identify theft on or about December 14, 2005. Plaintiff further asserts that in December 2005, he discovered the fraudulent activities and filed an incident report with the Arlington Police Department. *See* Exhibit "A" to Complaint. Therefore, Plaintiff's causes of action against SCS, if any, arose on or about December 2005, more than three years prior to the date this lawsuit was filed.

7.   Even if Plaintiff could state a claim for relief under the FCRA (which he cannot), the Complaint on its face establishes that such a claim arose in December 2005, well beyond the two year statute of limitations period under the FCRA. *See* 15 U.S.C. § 1681p. Plaintiff had

until December 2007 to bring this action, and because he did not file suit until February 26, 2009, he is not entitled to any relief against SCS. *See Bittick v. Experian Info. Solutions, Inc.*, 419 F.Supp. 2d 917, 919 (N.D. Tex. 2006) (granting a credit reporting agency's motion to dismiss where Plaintiff's complaint stated that the Plaintiff discovered the inaccuracies in her credit reports in May 2001 and the Plaintiff failed to file suit until June 2005). In the instant case, Plaintiff cannot prove any sets of facts that would entitle him to relief under the FCRA. Accordingly, Plaintiff's claims under the FCRA against SCS should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because such claims are time barred under the FCRA's two year statute of limitations.

**B.      Pursuant to 15 U.S.C. § 1681s-2(d), Plaintiff Does Not Have Standing to Pursue a Claim for the Alleged Violation of 15 U.S.C. § 1681s-2(a).**

8.      As noted previously, Plaintiff claims that SCS violated the FCRA, 15 U.S.C. § 1681s-2(a), because it allegedly furnished inaccurate information related to Plaintiff to the three credit reporting agencies. However, Plaintiff does not have standing to bring a claim for the purported violation of this section of the FCRA. Pursuant to 15 U.S.C. § 1681s-2(d), only designated federal agencies and officials and/or state officials have standing to bring claims for the violation of this particular provision of the FCRA. *See Carlson v. Trans Union,* LLC, 259 F.Supp.2d 517, 519 (N.D. Tex. 2003) (holding that "there is no private action under § 1681s-2(a), as indicated in § 1681s-2(c) and § 1681s-2(d)..."); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) (holding that no private cause of action exists for the violation of 15 U.S.C. § 1681s-2(a)). Subsection 15 U.S.C. § 1681s-2(d) of the FCRA reads as follows:

> *Limitation on enforcement.* The provisions of law described in paragraphs (1) through (3) of subsection (c)[1] (other than with respect to the exception described in paragraph (2) of subsection (c)) shall be enforced exclusively as provided under section 621[15 U.S.C. § 1681s] by the Federal agencies and officials and the State officials identified in section 621[15 U.S.C. § 1681s].

15 U.S.C. § 1681s, specifically provides the Federal Trade Commission ("FTC") and other identified federal agencies and state officials with authority to enforce the requirements imposed by the FCRA. 15 U.S.C. § 1681s does not provide individuals with standing to assert a private cause of action under 15 U.S.C. § 1681s-2(a). Therefore, pursuant to the express language of the FCRA, Plaintiff does not have a right to pursue a claim under 15 U.S.C. § 1681s-2(a), as only select federal agencies and state officials are vested with standing to pursue such a claim. *See Alam v. Sky Recovery Services, Ltd.*, Civil Action No. H-08-2377, 2009 WL 693170, at *4 (S.D. Tex. March 13, 2009) (holding that "It is well settled that there is no private right of action for violations of § 1681s-2(a)."). Accordingly, Plaintiff's claims under Section 15 U.S.C. § 1681s-2(a) of the FCRA against SCS should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because he does not have standing to pursue such claims.

### C.  Plaintiff's Claim for Declaratory and Injunctive Relief is Not Available Under the FCRA.

9.      Plaintiff is seeking declaratory and/or injunctive relief against SCS and the other Defendant in this lawsuit. More specifically, Plaintiff requests a "permanent injunction against the Defendants debt collectors requiring them to cease reporting the credit accounts that are the subject of this lawsuit to any credit reporting agency." Complaint at 12. This Court should

---

[1] 15 U.S.C. § 1681s-2(c) reads as follows, "*Limitation of liability.* Except as provided in section 621(c)(1)(B)[15 U.S.C. § 1681s], section 616 [15 U.S.C. § 1681n] and 617 [15 U.S.C. § 1681o] do not apply to any violation of-- (1) subsection (a) of this section [meaning 15 U.S.C. § 1681s-2(a)], including any regulations issued thereunder..." Sections 15 U.S.C. § 1681n and 15 U.S.C. § 1681o are the provisions of the FCRA providing a private cause of action for civil damages. Therefore, under 15 U.S.C. § 1681s-2(c)(1), there is no private cause of action for damages for the violation of 15 U.S.C. § 1681s-2(a). Instead, only select federal agencies and officials and state officials identified in 15 U.S.C. § 1681s may bring a claim for civil damages for the violation of 15 U.S.C. § 1681s-2(a).

dismiss Plaintiff's requests for declaratory and injunctive relief as such claims are not authorized under the FCRA. *See McDonald v. Equifax*, Civil Action No. 3:08-CV-0547-B, 2008 WL 5156690, at *2 (N.D. Tex. Dec. 8, 2008) (holding private litigants may not seek injunctive or declaratory relief under the FCRA); *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 284-85 (S.D. Fla. 1995) (holding that private plaintiffs cannot seek injunctive relief under the FCRA because such relief would circumvent the Federal Trade Commission's discretion to enforce the FCRA); *Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002) ("[T]his court agrees with Washington that Congress vested the power to obtain injunctive relief solely with the FTC [Federal Trade Commission]."); *Bumgardner v. Lite Cellular, Inc.*, 996 F. Supp. 525, 527 (E.D. Va. 1998) ("Congress's failure to include injunctive relief as a potential remedy, combined with Congress's express delegation of enforcement of the FCRA to the FTC, clearly indicates that Congress did not intend injunctive relief as a remedy.").

10.     Sections 1681n and 1681o of the FCRA prescribe the potential civil liability for non-compliance with the FCRA. Neither section makes any mention of declaratory or injunctive relief. Section 1681s(a) of the FCRA does grant the power to obtain injunctive relief, but only to the FTC—not private plaintiffs. *See* 15 U.S.C. § 1681s(a) ("Compliance with the requirements imposed under this title shall be enforced under the Federal Trade Commission Act ... by the Federal Trade Commission."). The omission of an equitable remedy under Sections 1681n and 1681o is significant because Congress expressly created an equitable remedy under Section 1681s(a). If Congress had intended to give private plaintiffs the right to seek declaratory or injunctive relief for noncompliance with the FCRA, it would have expressly created an equitable remedy under Sections 1681n and 1681o. *See McDonald v. Equifax*, Civil Action No. 3:08-CV-

0547-B, 2008 WL 5156690, at *2 (N.D. Tex. Dec. 8, 2008) (holding that "The courts are limited to enforcing the liability created in the statute, which limits the liability for a private right of action under the FCRA to damages, not declaratory relief."); *Washington*, 199 F.3d at 269; *Mangio*, 887 F. Supp. at 285.

11.   Much like his claims under 15 U.S.C. § 1681s-2(a), Plaintiff does not have the right to seek injunctive relief under the FCRA. Further, injunctive relief "in a case implicating the FCRA is not allowable under common law." *Bittick v. Experian*, 419 F. Supp. 2d at 919 (citing *Poulson v. Trans Union, LLC*, 370 F. Supp. 2d 592, 593 (E.D. Tex. 2005). Therefore, SCS respectfully requests that this Court follow the lead of the Fifth Circuit Court of Appeals, and find that the FCRA does not afford Plaintiff a right to declaratory or injunctive relief. Accordingly, SCS requests this Court dismiss Plaintiff's claims for declaratory and injunctive relief against SCS pursuant to Rule 12(b)(6).

D.   **Plaintiff's Complaint Should be Wholly Dismissed Under Rule 12(b)(6) Because it Wholly Fails to State Facts Sufficient to Support a Claim for Relief.**

12.   Plaintiff's Complaint is also subject to dismissal under Rule 12(b)(6) because it fails to state facts sufficient to support a claim for relief under the FCRA. The United States Supreme Court recently confirmed that Rule 12(b)(6) should be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Accordingly, to survive dismissal, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. A plaintiff is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

13. Plaintiff fails to include any factual allegations as to SCS or as to the manner in which SCS allegedly violated any perceived duty under the FCRA and/or TDCA. Plaintiff failed to identify the debt that SCS allegedly inaccurately reported to the credit reporting agencies. A review of the Complaint reveals that Plaintiff failed to identify <u>any</u> factual basis in support of his claims against SCS. Plaintiff does not even identify the damages he allegedly suffered or that he now seeks to recover from SCS. Mere concluory allegations are not sufficient to withstand a Rule 12(b)(6) Motion to Dismiss. Accordingly, Plaintiff has failed to allege sufficient facts to support a cause of action under any of the laws upon which his claims are based, and the Court should dismiss his claims under Rule 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, SCS respectfully requests that this Court dismiss Plaintiff's causes of action against SCS with prejudice pursuant Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for such other relief as the Court deems necessary at law or in equity.

DATED: April 9, 2009

Respectfully submitted,

**KANE RUSSELL COLEMAN & LOGAN PC**

By: /s/Michael A. Logan
Michael A. Logan
State Bar No. 12497500
Brian M. Stork
State Bar No. 24056386

3700 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: (214) 777-4200
Facsimile: (214) 777-4299
**ATTORNEYS SOUTHWEST CREDIT SYSTEMS, LP**

## CERTIFICATE OF SERVICE

On April 9, 2009, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Texas, Fort Worth Division, using the Court's ECF filing system. I hereby certify that on April 9, 2009, a true and correct copy of the foregoing document has been served electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2), as follows:

Ashton R. Anderson/J. Neal Prevost
**PREVOST & SHAFF**
1518 Legacy Drive, Suite 260
Frisco, TX 75034
**Attorneys for Plaintiff**

C. Ed Harrell
**HUGHES WATTERS ASKANASE, L.L.P.**
Three Allen Center
333 Clay, 29th Floor
Houston, TX 77002
**Attorney for Discover Financial Services, Inc. a/k/a DFS Services, LLC**

Melodye King
**AMERICAN EXPRESS**
1801 NW 66th Avenue, Suite 103
Mail Code 95-01-04
Plantation, FL 33313
**Attorney for American Express**

Peggy Lyle
**CREDIT SYSTEMS INTERNATIONAL, INC.**
P.O. Box 1088
Arlington, TX 76004
**Attorney for Credit Systems International, Inc.**

Marc Hui
**GE MONEY BANK - AMERICAS**
4125 Windward Plaza
Alpharetta, GA 30005-8378
**Attorney for GE Money Bank**

Timothy M. Gebhart
**DAVENPORT, EVANS, HURWITZ & SMITH**
206 West 14th Street
P.O. Box 1030
Sioux Falls, SD 57104
**Attorney for First Premier Bank**

Paul L. Myers/Martin E. Thornthwaite
**STRASBURGER & PRICE, LLP**
2801 Network Blvd., Suite 600
Frisco, TX 75034
**Attorneys for Trans Union LLC**

Nicole M. Perry
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002-2712
**Attorney for Experian Services Corp.**

Sean M. Whyte
**JONES DAY**
2727 Harwood Street
Dallas, TX 75201
**Attorney for Experian Services Corp.**

Michael Douglas
**KING & SPAULDING LLP**
1180 Peachtree Street NE, Suite 1700
Atlanta, GA 30309
**Attorney for Equifax, Inc.**

Jeremiah J. Anderson
**KING & SPAULDING LLP**
1100 Louisiana, Suite 4000
Houston, TX 77002-5213
**Attorney for Equifax, Inc.**

/s/Michael A. Logan
Michael A. Logan